

FILED
AUG 12 2024
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:24-cr-00129
  18 U.S.C. § 1343

**DONALD A. ENNIS**

# I N F O R M A T I O N

The United States Attorney charges:

BACKGROUND FOR THE FIRST SCHEME TO DEFRAUD

At all relevant times:

1. Defendant DONALD A. ENNIS purchased a residence in or around Ridgeview Way in St. Albans, Kanawha County, West Virginia (hereinafter "Residence") on or about October 18, 2018.

2. Defendant DONALD A. ENNIS purchased his Residence with the assistance of a mortgage company known by the United States Attorney (hereinafter "Mortgage Company") located in Parkersburg, Wood County, West Virginia. As a term and condition of the mortgage, the Mortgage Company required defendant DONALD A. ENNIS to insure the Residence for loss.

3. To comply with this term and condition of the mortgage, defendant DONALD A. ENNIS insured his Residence with an insurance company known to the United States Attorney that was headquartered in Bloomington, Illinois, with offices located throughout the United States (hereinafter "Insurance Company").

4.  Defendant DONALD A. ENNIS secured a residential insurance policy XXXXX0501 (hereinafter "Insurance Policy") that insured defendant DONALD A. ENNIS' Residence for a maximum value of $161,100 for the dwelling and $120,825 for the contents for loss in the event of several contingences, including fire. The Insurance Policy specifically excluded intentional acts of loss or damage by defendant DONALD A. ENNIS.

5.  The Insurance Policy had effective dates from on or about November 8, 2020, through on or about November 8, 2021. In consideration for this Insurance Policy, defendant DONALD A. ENNIS paid an annual premium to the Insurance Company of approximately $979.36.

6.  Defendant DONALD A. ENNIS maintained a checking account at City National Bank (account No. XXXXX9871).

7.  City National Bank was a financial institution as defined by the Federal Deposit Insurance Act, within the meaning of 18 U.S.C. § 20.

8.  The Mortgage Company, the Insurance Company and City National Bank were all engaged in, and the activities of which affected, interstate commerce.

THE FIRST SCHEME TO DEFRAUD

9.  From on or about February 15, 2021, through on or about June 23, 2021, at various locations within the Southern District of West Virginia including, but not limited to, St. Albans, Kanawha

County, West Virginia and elsewhere, defendant DONALD A. ENNIS knowingly devised and intended to devise a scheme and artifice to defraud the Insurance Company and obtain money and property from the Insurance Company by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS FOR CARRYING OUT THE SCHEME

10. At some time prior to devising his scheme to defraud, DONALD A. ENNIS committed an act of arson by deliberately setting fire to his Residence on or about February 15, 2021. Fire suppression efforts failed to extinguish the fire at the Residence. The resulting fire completely consumed defendant DONALD A. ENNIS' Residence and its contents.

11. It was part of the scheme to defraud that, on or about February 15, 2021, defendant DONALD A. ENNIS contacted the Insurance Company, fraudulently reporting the fire as an accident. The Insurance Company then began the process of receiving a claim. The Insurance Company assigned a Claims Adjuster to investigate the claim, evaluate and process the loss, and pay the claim if it was appropriate to do so.

12. It was further a part of the scheme to defraud that defendant DONALD A. ENNIS placed a series of electronic claims via the internet with the Insurance Company from February 21, 2021, to March 19, 2021, fraudulently claiming losses resulting from the fire. The Insurance Company processed the losses and

electronically transferred funds by interstate commerce to the Claims Adjuster, who presented the claims checks to defendant DONALD A. ENNIS to satisfy defendant DONALD A. ENNIS's claims.

13. It was further a part of the scheme to defraud that once defendant DONALD A. ENNIS received the payments for the claims from the Insurance Company, the funds were deposited in defendant DONALD A. ENNIS'S City National Bank Account No. XXXXX9871. In making these deposits, defendant DONALD A. ENNIS fraudulently enriched himself by using the funds that he obtained from the Insurance Company for his own personal use and benefit.

14. At least one claims check was paid directly by the Insurance Company to the Mortgage Company, satisfying the remainder of the mortgage for defendant DONALD A. ENNIS's Residence.

15. As a result of DONALD A. ENNIS'S wire fraud scheme, defendant DONALD A. ENNIS fraudulently obtained over $347,237.70 of the Insurance Company's money in satisfaction of defendant DONALD A. ENNIS's fraudulent claims relating to residential fire.

COUNT ONE

16. From on or about February 15, 2021, through on or about May 7, 2021, at or near St. Albans, Kanawha County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant DONALD A. ENNIS, having devised and intending to devise a scheme and artifice to defraud the Insurance Company and to obtain money and property by means of materially false and

fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce writings, signs, signals, pictures and sounds, that is, a series of fraudulent claims of loss associated with the arson at his Residence that were electronically filed via interstate wire transmission with the Insurance Company by the defendant DONALD A. ENNIS beginning on or about February 21, 2021, in the total amount of approximately $347,237.70, said electronically transmissions resulting in the payment of multiple claims by the Insurance Company for defendant DONALD A. ENNIS's Residence and belongings.

In violation of Title 18, United States Code, Section 1343.

## THE SECOND SCHEME TO DEFRAUD

17. From some time prior to March 19, 2020, through on or about September 18, 2022, at various locations within the Southern District of West Virginia including, but not limited to, Tornado and St. Albans, Kanawha County, West Virginia and elsewhere, defendant DONALD A. ENNIS, knowingly devised and intended to devise a scheme and artifice to defraud a volunteer fire department known to the United States Attorney ("Fire Department") and obtained money and property from the Fire Department by means of materially false and fraudulent pretenses, representations, and promises.

## BACKGROUND FOR THE SECOND SCHEME TO DEFRAUD

At all relevant times:

18. From at least 2009, defendant DONALD A. ENNIS worked as a volunteer fireman for the Fire Department. The Fire Department was located in or around Tornado, Kanawha County, West Virginia and operated as a 501(c)(3) non-profit organization.

19. The Fire Department provided fire suppression services to West Virginia persons and communities in or around the Tornado, Kanawha County, West Virginia area, and elsewhere. The Fire Department relied on multiple individuals to perform the fire suppression services and to administratively run the Fire Department.

20. The Fire Department was funded by an annual assessment as well as receiving monies from the Kanawha County Commission, as

6

well as other grants, donations, and aid-in-kind.

21. Defendant DONALD A. ENNIS worked for the Fire Department as its Finance and Operations Manager. In that capacity, defendant DONALD A. ENNIS had access to the Fire Department's Truist Bank debit card, that is, card number XXXX XXXX XXXX 6676 ("Debit Card"). The Debit Card use was restricted to purchases made for and on behalf of the Fire Department.

22. Truist was a financial institution as defined by the Federal Deposit Insurance Act, within the meaning of 18 U.S.C. § 20 and Truist was engaged in, and the activities of which affected, interstate commerce.

MANNER AND MEANS FOR CARRYING OUT THE SECOND SCHEME

23. It was part of the scheme to defraud that defendant DONALD A. ENNIS committed the following acts, including, but not limited to using the Fire Department's Debit Card to conduct internet transactions and to purchase personal items, goods, services, and products for himself of equipment and items that were unrelated to the Fire Department's mission. Defendant DONALD A. ENNIS also used the Debit Card to make Automated Teller Machine (ATM) cash withdraws for his own personal use and benefit.

24. It was part of the scheme to defraud that, on or about March 25, 2020, defendant DONALD A. ENNIS purchased a Jeep Hidden Winch Mount Kit using the Fire Department's Debit Card for an online purchase from HK Offroad. The purchase totaled approximately

7

$356.30. HK Offroad was located in Duarte, California. Defendant DONALD A. ENNIS used this kit for his personal vehicle.

25. It was further part of the scheme to defraud that on or about September 5, 2020, defendant DONALD A. ENNIS purchased various products from JB Custom Fabrication online via PayPal using the Fire Department's Debit Card. The purchase totaled approximately $438.58. JB Custom was located in Salem, Oregon. Defendant DONALD A. ENNIS used these products on his personal vehicle.

26. It was further part of the scheme to defraud that, on or about September 22, 2020, defendant DONALD A. ENNIS purchased an ARB Compressor and Tire Inflation kit from Boost Products online via PayPal using the Fire Department's Debit Card. The purchase totaled approximately $356.30. Boost Projects was located in San Diego, California. Defendant DONALD A. ENNIS used this product on his personal vehicle.

27. It was further part of the scheme to defraud that, on or about October 5, 2020, defendant DONALD A. ENNIS purchased a pair of braided Stainless Brake Lines for a Jeep kit from Summit Racing online via PayPal using the Fire Department's Debit Card. The purchase totaled approximately $131.13. Summit Racing was located in Tallmadge, Ohio. Defendant DONALD A. ENNIS used these products on his personal vehicle.

28. It was further part of the scheme to defraud that, on or about January 3, 2021, defendant DONALD A. ENNIS purchased a pair

of Front Upper Coil Spring Retainers from Iron Rock Offroad online via PayPal using the Fire Department's Debit Card. The purchase totaled approximately $385.29. Iron Rock Offroad was located in Shakopee, Minnesota. Defendant DONALD A. ENNIS used these products on his personal vehicle.

29. As a result of this wire fraud scheme, defendant DONALD A. ENNIS fraudulently obtained over $153,728.00 of the Fire Department's funds through purchases made using the Debit Card or ATM cash withdrawals using the Debit Card.

COUNT TWO

30. From on or about March 19, 2020, through on or about September 28, 2022, at or near St. Albans and Tornado, Kanawha County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant DONALD A. ENNIS, having devised and intending to devise a scheme and artifice to defraud the Fire Department and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice did knowingly transmit and cause to be transmitted by means of wire and radio communications in interstate commerce writings, signs, signals, pictures and sounds, that is, by fraudulently using the Fire Department's Debit Card to purchase automotive parts and accessories for the personal use and enrichment of defendant DONALD A. ENNIS from automotive venders throughout the United States, as

9

well as using the Fire Department's Debit Card to make various ATM cash withdraws, with said transmissions of the payments for said products and monies traveling across interstate lines.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

1. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of giving notice of forfeiture pursuant to 18 U.S.C. §§ 981, 982 and 28 U.S.C. § 2461(c).

2. Notice is hereby given of 18 U.S.C. §§ 981, 982 and 28 U.S.C. § 2461(c). Under §2461(c), criminal forfeiture is applicable to any offense for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C).

The following property is subject to forfeiture in accordance with Sections 981, 982 and/or 2461(c):

   a. all property which constitutes or is derived from proceeds of the violations set forth in this Information;

   b. all property involved in such violations or traceable to property involved in such violations; and

   c. if, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant's to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more grounds stated above: a forfeiture money judgment in the amount of at least $500.965.70, such amount constituting the proceeds of the violations set forth in this Information.

WILLIAM S. THOMPSON
United States Attorney

By: *[signature]*
ERIK S. GOES
Assistant United States Attorney